AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of Ohio    ▾

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Antwan Coach, Jr. | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:22-cr-00085-2<br><br>USM Number: 27802-510<br><br>Gregory A. Cohen, Esq.<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1, 2, 4, 6, and 8 of Second Superseding Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. 846 | Narcotics Conspiracy | 11/1/2021 | 1 |
| 18 U.S.C. 1951(a);<br><br>328 U.S. 640(1946) | Interference with Commerce by Robbery | 7/5/2021 | 2 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    3 and 7            ☑ is    ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/17/2026

Date of Imposition of Judgment

*Michael R. Barrett* (signature)

Signature of Judge

Michael R. Barrett, U.S. District Court Judge

Name and Title of Judge

July 21, 2026

Date

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 1A

Judgment—Page __2__ of __8__

DEFENDANT:   Antwan Coach, Jr.
CASE NUMBER:   1:22-cr-00085-2

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 924(c) and 924(j)(1); and 328 U.S. 640 (1946) | Use of a Firearm to Commit Murder During and In Relation to a Crime of Violence | 7/5/2021 | 4 |
| 21 U.S.C. 848(e)(1)(A); 18 U.S.C. 2; and 328 U.S. 640 (1946) | Murder in Connection with a Drug Trafficking Conspiracy Violating 21 U.S.C. 841(b)(1)(A) | 8/1/2021 | 6 |
| 18 U.S.C. 924(c) and 924(j)(a); 328 U.S. 640 (1946) | Use of a Firearm to Commit Murder During and in Relation to a Crime of Violence | 8/1/2021 | 8 |

AO 245B (Rev. 11/25) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT:   Antwan Coach, Jr.
CASE NUMBER:   1:22-cr-00085-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Count 1: Three thirty (330) months imprisonment with credit for time served (to include time served in Hamilton County);
Count 2: Two hundred forty (240) months imprisonment with credit for time served to run concurrent to Count 1;
Count 4: Three hundred thirty (330) months imprisonment with credit for time served to run concurrent to Counts 1 and 2;
Count 6: Three hundred thirty (330) months imprisonment with credit for time served to run concurrent to Counts 1, 2, and 4;
Count 8: Three hundred thirty (330) months imprisonment with credit for time served to run concurrent to Counts 1, 2, 4 and 6.

(330 months imprisonment total)

☑ The court makes the following recommendations to the Bureau of Prisons:
The Defendant be permitted to participate in BOP vocational training;
The Defendant be permitted to participate in BOP academic programming;
The Defendant be permitted to participate in BOP substance abuse treatment and mental health treatment.
The Defendant request designation to BOP facility USP Terre Haute if security level is appropriate.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                    Sheet 3 — Supervised Release

Judgment—Page   4   of   8

DEFENDANT:    Antwan Coach, Jr.
CASE NUMBER:  1:22-cr-00085-2

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Count 1: Lifetime supervised release with conditions;
Count 2: Three (3) years supervised release with conditions to run concurrent to Count 1;
Count 4: Five (5) years supervised release with conditions to run concurrent to Counts 1 and 2;
Count 6: Five (5) years supervised release with conditions to run concurrent to Counts 1, 2, and 4;
Count 8: Five (5) years supervised release with conditions to run concurrent to Counts 1, 2, 4, and 6.

(Lifetime supervised release total)

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.    ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

Judgment—Page    5    of    8

DEFENDANT:  Antwan Coach, Jr.
CASE NUMBER:  1:22-cr-00085-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page   6   of   8

DEFENDANT:   Antwan Coach, Jr.
CASE NUMBER:   1:22-cr-00085-2

## ADDITIONAL SUPERVISED RELEASE TERMS

1: Coach shall participate in a program of mental health assessment and/or counseling, to include anger management, as directed by the United States Probation Office, until such time as Coach is released from such program by the probation office. He will make a co-payment for treatment services not to exceed $25 per month, which is determined by his ability to pay.

2: Coach shall participate in a program of testing, treatment and/or medication compliance for alcohol and controlled substance abuse, as directed by the U.S. Probation Office, until such time as he is released from the program by the probation office. Coach will make a co-payment for treatment services not to exceed $25 per month, which is determined by his ability to pay.

3: Coach shall provide all financial information requested by the probation officer.

4: Coach shall not incur new credit charges or open lines of credit without the approval of the probation officer.

5: Coach must not have any contact with the victims' families.

6: Coach shall participate in a vocational services program as directed by the probation officer. Such program may include on-the-job training, job readiness training, and skills development training.

7: Coach shall participate in an educational services program as directed by the probation officer. Such programs may include General Education Diploma (GED) reparation, English as a second language classes, and other classes designed to improve the defendant's proficiency in skills such literacy, mathematics, or computer use.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __7__ of __8__

DEFENDANT:  Antwan Coach, Jr.
CASE NUMBER: 1:22-cr-00085-2

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 500.00 | $ 2,343.81 | $ | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Ohio Attorney General | $2,343.81 | $2,343.81 | |
| Crime Victim Section | | | |
| Re: Claim for Kamar Williams | | | |
| 30 East Broad Street, 23rd Floor | | | |
| Columbus, Ohio 43215 | | | |
| | | | |
| Check payable to the Treasurer of the | | | |
| State of Ohio | | | |

| **TOTALS** | $ 2,343.81 | $ 2,343.81 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑  the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/23) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __8__

DEFENDANT: Antwan Coach, Jr.
CASE NUMBER: 1:22-cr-00085-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 2,843.81 due immediately, balance due

     ☐ not later than _____ , or
     ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
Restitution is due immediately with any unpaid balance to be paid in the amount of not less than ten percent of
Binford's net income per month. While incarcerated, if the defendant is working in a non-UNICOR or grade 5
UNICOR job he shall pay $25.00 per quarter toward the restitution obligation and special assessments. If working
in a grade 1-4 UNICOR job, he shall pay 50% of his monthly pay toward the restitution obligation and special
assessments. Any change in this schedule shall be made only by order of this Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Jamal Binford (1:22-cr-085-1) Markel Hardy (1:22-cr-085-3) | 2,343.81 | 2,343.81 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

Any property, real or personal, that constitutes or is derived from the proceeds traceable to Count One, including but not limited to a sum of money equal to the amount of proceeds Coach and Hardy obtained as a result of Count One .Any firearms and ammunition involved in or used in the commission of the violation(s), including but not limited to an FNH USA, LLC Model 509, nine millimeter caliber handgun, bearing serial number GKS0129771, with any attachments and ammunition.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.